[Colley v. The State.]

# Colley *v.* The State.

## *Violating Prohibition Law.*

(Decided June 16, 1910.    52 South. 832.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where there was evidence from which the jury might conclude that the defendant was as much liable for the sale of the whisky as his clerk, who sold and delivered it, and was convicted for it, it was harmless error to permit evidence as to the arrest and trial of the clerk for the same offense at the place managed by the defendant where the court limited it only to fixing the time and occasion and of identifying the sale relied on to support the conviction, although it was erroneous to have admitted it for any other purpose.

2. *Charge of Court; Request in Bulk.*—Where charges are requested in bulk and some of them are clearly erroneous, this court will not be put in error for refusing them all.

3. *Jury; Competency; Exemption from Duty.*—The fact that one may be exempt from jury duty does not of itself render him subject to challenge for cause.

4. *Same; Objection to; Failure to Challenge.*—No injury results if the objecting party fails to eliminate a juror who was exempt from jury duty, by peremptory challenge as he could and should have done.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Joe Colley was convicted of violating the prohibition law and he appeals.    Affirmed.

GOODWIN & ROSS, for appellant.    The court erred in not allowing the juror Gunn his exemptions as claimed by him.—Secs. 4629 and 7245, Code 1907.    The court erred in admitting evidence of the sale by defendant's clerk of the whisky and his arrest and trial therefor. The section under which the proceedings were had, namely 7349, Code 1907, has been declared void.—50 South. 370.    Counsel discuss other assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General for the State. The jurors were neither exempt nor disqualified. —Section 7245, Code 1907. The charges were requested in bulk and some of them were properly refused.—*Horn v. The State,* 98 Ala. 23; *Welch v. The State,* 97 Ala. 1; *Pearce v. The State,* 115 Ala. 115.

MAYFIELD, J.—Defendant was charged with violating the prohibition law. He and one Mack Hasson were operating a soft drink place in Bessemer. They were not owners, but were clerks; the management of the place being in the charge of the defendant on this occasion. Mack Hasson was a negro, and was under the control of defendant. Mack sold to the negro customers, and defendant to the whites. Defendant would place the bottles out on the counter, and Mack would deliver them to the customers, and collect the price, and pay it over to the defendant.

The place was suspected of violating the prohibition laws, and was watched by two policemen; and one of the bottles so sold by Mack to a customer was taken from the customer on the spot, and one of the policemen testified that it was larger beer. The defendant did not handle this particular bottle, but Mack got it from the same place or receptacle from which defendant had been getting other bottles and delivering to Mack and customers. Mack was convicted in the mayor's court for violating the prohibition laws, or an ordinance of the city of Bessemer, as to this particular sale.

A great deal of evidence as to this arrest and trial was offered by the state, and admitted by the court over defendant's objections. Some of the evidence was clearly erroneous; but the error in its admission was subsequently cured by the court's limiting it to the purpose only of fixing the time and occasion, and of identifying

[Colley v. The State.]

the sale relied upon to support the conviction. There was sufficient evidence from which the jury might conclude that defendant was liable for this sale—as much so as Mack Hasson, who sold and delivered the beverage. If so, of course, he was equally guilty with Mack; but the mere fact that Mack was convicted in the mayor's court as for this sale was not evidence against defendant, except for the purpose of fixing the date and occasion, and it was so limited by the court for this purpose only.

While the proof in this case is far from being necessarily conclusive of guilt, it was sufficient to carry the question to the jury; and the court did not err in refusing the general affirmative charge for defendant.

The other charges were asked in bulk. Some of these were clearly bad, and were properly refused, and would justify the court in refusing all.

The fact that a person may be exempt from jury duty does not ipso facto render him subject to challenge for cause. We do not decide that the juror in question was exempt on account of the fact that he was a notary and ex officio justice of the peace, because it is not necessary. Even if so, it would not be ground for challenge for cause; and, if so, the record fails to show that the defendant exercised any of his peremptory challenges. Consequently no injury could have resulted. The questionable juror could and should have been eliminated by a peremptory challenge.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.